# UNITED STATED STRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Adrian Hernandez, on behalf of himself and all others similarly situated, | Case No: |
| *Plaintiff,* | |
| v. | **Jury Trial Demanded** |
| 3505 Clark, Inc., | |
| *Defendant.* | |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Adrian Hernandez, on behalf of himself and others similarly situated, files this collective and class action complaint against Defendant 3505 Clark, Inc and states:

### INTRODUCTION

1. This is a wage theft case. Defendant 3505 Clark, Inc. is in the restaurant business and purports to take tip credit; tip credit allows Defendant to pay certain employees less than the minimum wage—but only if Defendant is validly taking tip credit. Here, Defendant's tip credit is invalid because (1) Defendant delays paying employees tips for weeks at a time (essentially using tipped wages as a line of credit), and (2), upon information and belief, steals tips from its employees. Defendant therefore should have paid its employees the minimum wage but did not do so and owes Plaintiff and the likely class members unpaid tips.

1

2. Plaintiff brings this putative class and collective action under the Fair labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA").

## PARTIES

3. Plaintiff Adrian Hernandez is an Illinois resident and was an "employee" under the FLSA, IMWL and IWPCA during the relevant limitations periods.

4. Defendant, 3505 Clark, Inc., is an Illinois Corporation with its principal place of business in Illinois. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because it has annual gross volume of sales made or business done of at least $500,000; and because it is engaged in interstate commerce or in the production of goods for interstate commerce. Defendant is an "employer" under the IMWL and IWPCA. Defendant, 3505, Clark, Inc., is the entity on Plaintiff's paystubs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under the FLSA and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant 3505 Clark, Inc. because it conducts business continually within this district.

7.　Venue is proper in this district under 28 U.S.C. § 1391 because the acts and omissions giving rise to this action occurred in this district.

### 3505 CLARK INC'S ILLEGAL TIP POOL

8.　Defendant compensated Plaintiff and likely class members on an hourly basis. Defendant used tip credit to pay Plaintiff and similarly situated employees a lower hourly minimum wage which was supplemented by customer tips to cover the difference between the tipped and non-tipped minimum wage.

9.　Ordinarily, an employer may only take tip credit under the FLSA and IMWL if tipped employee retains all their tips. *See* 29 U.S.C. § 203(m); 820 ILCS § 105/4(c). This restriction does not apply if tipped employees are participating in a valid tip pool. *See* 29 U.S.C. § 203(m); 820 ILCS § 105/4(c). In a tip pool, a portion of the tipped employees' earned tips are redistributed to other employees, such as bussers, bartenders, and food runners.

10.　Although Defendant purported to operate a tip pool, it was not a valid one. To be valid under the FLSA and IMWL, a tip pool must only include employees who "customarily and regularly receive tips," and the employer "may not retain any of the employees' tips for any other purpose." 29 C.F.R. § 531.54. Defendant is aware or should have been aware that the FLSA regulations require "full and prompt distribution of tips." See 29 C.F.R. § 531.54(b)(2) (employers must "fully distribute[] any tips the employer collects no later than the regular payday for the workweek in which the tips were collected, or when the pay period covers more than a single workweek, the regular payday for the period in which the workweek ends.").

11. But Defendant, on a regular basis, delayed in paying tips and, upon information and belief, stole tips from Plaintiff, likely class members, and the FLSA collective. Because Defendant failed to fully and promptly distribute tips, it was not entitled to take tip credit. Defendant therefore owes Plaintiff, likely class members, and the FLSA collective unpaid tips and minimum wages.

### FLSA COLLECTIVE ALLEGATIONS

12. Plaintiff brings this action on behalf of himself and similarly situated employees. *See* 29 U.S.C. § 216(b). The other similarly situated employees are defined as follows:

> All hourly employees who worked for Defendant three years prior to the filing of this action through the date of final judgment.

13. Defendant is aware or should have been aware that the FLSA regulations require "full and prompt distribution of tips." *See* 29 C.F.R. § 531.54(b)(2).

14. Upon information and belief, Defendant only distributed a portion of the tips collected.

15. Defendant did not distribute cash tips collected on the regular payday for the workweeks in which the tips were collected. Defendant distributed tips on an inconsistent basis, sometimes only once every three workweeks and sometimes not at all.

16. Defendant was therefore not entitled to take tip credit and owes Plaintiff and the FLSA collective unpaid tips and minimum wages.

17. Plaintiff is similarly situated to Defendant's other hourly employees because those employees had their tips unlawfully withheld by Defendant.

18. The Court should allow issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit. There are numerous similarly situated current and former hourly employees who worked at Defendant who would benefit from being given an opportunity to opt in to this lawsuit. Similarly situated tipped employees are known to Defendant and are identifiable in Defendant's payroll records.

### IWPCA, IMWL, AND CLASS ALLEGATIONS

19. Under Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of themselves and other current and former employees.

20. The IMWL class that Plaintiff seeks to represent is defined as follows:

All hourly employees employed by Defendant at any time from 3 years from the filing of this action through the date of final judgment.

21. The IWPCA class is defined as follows:

All hourly employees employed by Defendant at any time from 10 years from the filing of this action through the date of final judgment.

22. Throughout the duration of Plaintiff's employment, Defendant claimed this tip-credit by paying Plaintiff a lower direct, hourly wage than would otherwise be required by law, while using customer tips to make up the difference between the lower direct hourly wage and the minimum wage.

23. Because Defendant operated an invalid tip pool as described above, it was not entitled to tip credit and therefore failed to pay Plaintiff and likely class members minimum wages owed under the IMWL.

24. Defendant also retained Plaintiff's and likely class members' tips for weeks at a time, violating the IWPCA, which requires that tips be paid within 13 days of the pay period in which they were earned. 820 ILCS §115/4.1(a).

25. Defendant, Plaintiff, and likely class members, entered into agreements that they would be paid the tip-credit wage and retain all tips left for them by Defendant's customers to supplement the lower, tipped minimum wage. Defendant violated these agreements by retaining employee tips and sometimes, upon information and belief, not paying them at all. Failure to pay these wages (and pay them on time) violated the IWPCA. *See* 820 ILCS §§ 115/2-3, 4.1(a).

26. The proposed IMWL and IWPCA classes are so numerous that joinder of all members would be impractical. Upon information and belief, over 40 individuals worked for 3505 Clark, Inc. during the relevant statutory periods.

27. Plaintiff's claims are typical of the class member's. Each class member's claim is controlled by the IMWL and IWPCA and one set of facts. Under Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the IMWL and IWPCA classes are similarly situated because they all were subject to Defendant's common policy and practices, including without

limitation, impermissibly delaying the payment of tips, operating an invalid tip pool, and failing to pay minimum wages.

28. Plaintiff and the likely class members were uniformly deprived of minimum wages and the time value of their money during periods in which payment was illegally delayed. Plaintiff and the likely class members also lost the opportunity to use their earned wages, which Defendant wrongfully withheld. Defendant, however, benefited from delaying the payment of tips, essentially using Plaintiff's and likely class members' tipped wages as a line of credit.

29. Under Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly because this is wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting dozens of identical, individual lawsuits would not promote judicial efficiency or equity, nor necessarily give consistent results. Class certification will eliminate the need for duplicate litigation.

30. Under Fed. R. Civ. P. 23(b)(2), 3505 Clark, Inc. has acted, or has refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

31. Plaintiff will fully and adequately protect likely class members' interests. Plaintiff seeks the same recovery as the class, predicated upon the same violations of law and the same damage theory. Plaintiff has retained Counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor his Counsel have interests that are contrary to, or conflicting with, the interests of the class.

<u>**COUNT I**</u>
**FLSA Failure to Pay Earned Tips**
**(On Behalf of Plaintiff and the Collective)**

32. Plaintiff realleges and incorporates the foregoing allegations.

33. Plaintiff brings this action as a collective action under Section 16(b) of the FLSA.

34. Plaintiff's consent to act as representative of the FLSA collective is attached as Exhibit A.

35. Defendant was Plaintiff's "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

36. Plaintiff was Defendant's "employee" as defined by the FLSA. 29 U.S.C.§ 203(e)(1).

37. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA. 29 U.S.C.§ 203(r)(1).

38. Defendant is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

39. Defendant's annual gross volume of sales made or business done has exceeded $500,000 in each of the last three calendar years.

40. Defendant violated the FLSA by withholding cash tips earned by hourly employees and only distributing a fraction of them inconsistently and sometimes as late as three workweeks after they were earned.

41. Defendant's violations of the FLSA were willful.

## COUNT II
### IMWL—Minimum Wages
**(On Behalf of Plaintiff and the IMWL Class)**

42. Plaintiff realleges and incorporates the foregoing paragraphs.

43. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover from Defendant unpaid wages, statutory penalties, attorney's fees, and costs under Section12(a) of the IMWL, 820 ILCS § 105/12(a).

44. At all relevant times, Defendant has been an "employer" as that term is defined by Section 3(c) of the IMWL, 820 ILCS §105(3)(c).

45. At all relevant times, Plaintiff and likely members of the IMWL class have been "employees" under Section 3(d) of the IMWL.

46. Defendant was obligated to pay Plaintiff and the likely class members the full amount of wages earned, including tips, but did not do so.

47. Defendant's practice of operating an illegal tip pool and improper taking of tip credit has resulted in Defendant not paying Plaintiff and likely class members minimum wages under 820 ILCS §105/4.

<u>COUNT III</u>
**IWPCA Failure to Agreed Wages and Gratuities**
**(On Behalf of Plaintiff and the IWPCA Class)**

48. Plaintiff realleges and incorporates the foregoing paragraphs.

49. Plaintiff, individually and on behalf of others similarly situated, seeks to recover from Defendant unpaid wages, statutory penalties, attorney's fees and costs under Section 14(a) of the IWPCA

50. Defendant has been an "employer" as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2. At all times relevant, Defendant has been an "employer" as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

51. At all times relevant, Plaintiff and likely class members have been "employees" of Defendant, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

52. Defendant, Plaintiff and the likely class members agreed that Defendant would fully distribute tips paid by Defendant's customers to Plaintiff and likely class members. Defendant did not do so. During the relevant time period, Defendant required Plaintiff and IWPCA Class Members to participate in a tip pool to share gratuities. Defendant did not fully and timely distribute gratuities solely among other customarily and regularly tipped employees. In doing so, Defendant violated the IWPCA, 820 ILCS § 115/4.1(a), by unlawfully delaying payment on gratuities, and failing to pay Plaintiff and the IWPCA Class Members the gratuities they were owed.

53. Plaintiff and the likely class members are entitled to be paid the full amount of wages earned, including tips.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the IMWL, IWPCA and FLSA;
b. An award of unpaid tips and damages, according to proof, including liquidated damages;
c. Certification of this case as a class action pursuant to Rule 23;
d. Designation of Plaintiffs as representatives of the Classes, and counsel of record as Class Counsel;
e. Statutory penalties.as provided by law;
f. Appropriate equitable and injunctive relief, including but not limited to an order enjoying Defendant's illegal practices;
g. A reasonable service award for the Named Plaintiff to compensate him for the time he took to recover unpaid wages on behalf of similarly situated employees;
h. Pre and post judgment interest; and
i. Whatever further relief that the Court should consider just and proper.

Dated: November 15, 2023

Roberto Martinez
MARTINEZ LAW LLC
4115 W 26th Street
Chicago, Illinois 60623
(773) 818-3020
r@martinezlawllc.net

Francisco Fernandez del Castillo
DEL CASTILLO LAW GROUP, LLC
4115 W 26th Street
Chicago, Illinois 60623
(312) 216-0111
francisco@delcastillolawgroup.com

Respectfully submitted,

Adrian Hernandez, individually and on behalf of all others similarly situated,

By: /s/ *Roberto M. Martinez*

One of Plaintiff's Attorneys

Exhibit A

## Consent for Collective Action

I hereby consent to joining a collective civil action in the United States District Court against 3505 Clark, Inc., and related entities and individuals to recover unpaid compensation, additional damages, and costs under the Fair Labor Standards Act and state law and be represented by Martinez Law, LLC and Del Castillo Law Group, LLC for purposes of bringing such action and designate them to make decisions on my behalf concerning litigation and settlement.

_10/27/23_
Date

_Adrian Hernandez_
Name

_Adrian Hernandez_
Signature